Zorik Mooradian, Esq., CSB No. 136636
zorik@mooradianlaw.com
Haik Hacopian, Esq., CSB No. 282361
haik@mooradianlaw.com
MOORADIAN LAW, APC
5023 N. Parkway Calabasas
Calabasas, CA 91302
Telephone: (818) 876-9627
Facsimile: (888) 783-1030
Attorneys for: Plaintiff Rogelio Avina

Mark D. Kemple (SBN 145219)
kemplem@gtlaw.com
Radha D. S. Kulkarni (SBN 293996)
kulkarnir@gtlaw.com
GREENBERG TRAURIG LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: (310)586-7700
Facsimile: (310)586-7800
Attorneys for Defendant
Marriott Vacations Worldwide Corporation

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO AVINA, individually and on behalf of other persons similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>MARRIOTT VACATIONS WORLDWIDE CORPORATION, an active California Corporation, and DOES 1 through 10,<br><br>    Defendants. | Case No.: 8:18-cv-00685-JVS-JPR<br><br>[*Assigned to Hon. James V. Selna*]<br><br>**STIPULATION AND PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF DISCOVERY MATERIALS**<br><br>Action Filed: Sept. 22, 2017<br>Action Removed: Apr. 23, 2018<br>Current Trial Date: January 20, 2020 |

1

Plaintiff and Defendant stipulate to the entry of an agreed Protective Order, for the reasons set forth below and on the terms set forth below.

1. The parties represent that certain discovery materials to be exchanged in this case, including documents, interrogatory answers, deposition testimony and other discovery, will contain confidential non-public information of a financial and/or commercial nature which may constitute a trade secret or proprietary information. The parties propose this Order to address these concerns.

2. Upon entry of an Order by this Court, this Protective Order shall govern the production and disclosure of all information designated as "CONFIDENTIAL" pursuant to ¶6 through the discovery and all pretrial processes. This Protective Order is not intended to govern at trial or appeal. The parties will cooperate in establishing procedures acceptable to the Court with respect to the protection of information designated as "CONFIDENTIAL" pursuant to this Protective Order both at trial and upon any appeal of this case.

3. For purposes of this Protective Order, "Discovery Materials" shall include information provided pursuant to the disclosure provisions of Rule 26 of the Federal Rules of Civil Procedure, documents produced pursuant to Rule 34 of the Federal Rules of Civil Procedure, interrogatory answers, deposition testimony, and all other information that may be disclosed in the course of discovery in this action, as well as compilations or excerpts of such materials.

4. This Protective Order shall not abrogate or diminish any privilege or any contractual, statutory or other legal obligation or right of any party with respect to Discovery Materials.

5. Each party shall keep confidential and not use or disseminate outside the boundaries of this litigation any records that any other party designates as "CONFIDENTIAL" except as provided in paragraphs 7, 10 & 12

below.

6. Manner and Timing of Designations.

(a) For information in documentary form (e.g., paper, excluding transcripts of depositions or other pretrial or trial proceedings), designation in conformity with this Order requires that the producing party affix the legend "CONFIDENTIAL" to the confidential portions of the document. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the legend CONFIDENTIAL to each document and portion thereof it seeks to designate.

(b) For testimony given in deposition or in other discovery-related proceedings, designations shall be made in the manner set forth in paragraph 9, below. Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include CONFIDENTIAL material so that the other parties can ensure that only authorized individuals, including individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit 1) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as CONFIDENTIAL.

(c) For information produced in some form other than

3

documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend CONFIDENTIAL. If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portions.

(d)   If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7.   Except as provided in paragraphs 10 and 12, access to Discovery Materials designated "CONFIDENTIAL" shall be restricted in accordance with the following provisions:

(a)   Discovery Materials, and any information extracted from them, which have been designated "CONFIDENTIAL" shall be used solely for the purposes of prosecuting or defending this action, and for no other purposes;

(b)   "CONFIDENTIAL" designated Discovery Materials shall only disseminated by the receiving party to or shown by the receiving party to: (1) in the case of each Plaintiff, themselves; (2) in the case of Defendants, its officers, directors and employees assisting in the defense of the action; (3) attorneys who are members or associates of the law firms listed on the pleadings in this action, and who have appeared or filed a motion or application to appear pro hac vice ("Counsel of Record"), and supporting personnel employed by Counsel of Record, such as other

4

attorneys at the firm, paralegals, legal secretaries, data entry clerks, legal clerks and/or private data entry, document management and photocopying services; (3) retained consultants and experts in accordance with the terms specified below in paragraph 7(d) below; (4) deposition witnesses in accordance with the terms specified below in paragraph 7(e). There shall be no other permissible dissemination by the receiving party of the producing party's CONFIDENTIAL Discovery Materials;

(c) No copies, extracts or summaries of any document designated "CONFIDENTIAL" shall be made except by or on behalf of Counsel of Record; and such copies, extracts or summaries shall also be designated and treated as "CONFIDENTIAL" Discovery Materials and shall not be delivered or exhibited to any persons except as provided in this Protective Order;

(d) Counsel of Record may allow access to Discovery Materials designated "CONFIDENTIAL" to their retained consultants and experts, provided that any such consultant or expert who is to receive such material shall be provided with a copy of this Protective Order and shall execute an undertaking in the form set forth as Exhibit 1 herein. Consultants and experts shall be specifically advised that the portion of their written work product, which contains or discloses the substance of Discovery Material designated as "CONFIDENTIAL" is subject to all the provisions of this Protective Order. Counsel of Record disclosing such material to consultants or experts shall be responsible for obtaining the executed undertakings in advance of such disclosure and also shall retain the original executed copy of said undertakings. No "CONFIDENTIAL" Discovery Material may be disclosed to a consultant or expert prior to execution of the form found as Exhibit 1 herein;

(e) During depositions in this action, Counsel of Record may question any witness about any Discovery Material designated "CONFIDENTIAL." However, where the witness or deponent testifies about such designated Discovery Material, the party who marked the material "CONFIDENTIAL" may instruct the Court Reporter to mark and seal such testimony as separate from the public record. Any "CONFIDENTIAL" document so referred to may be marked as an exhibit, but no such "CONFIDENTIAL" document, or any portion thereof, shall be attached to any publicly-available deposition or other transcript without the written consent of the party that designated the document as "CONFIDENTIAL" absent a Court Order. Portions of deposition transcripts designated "CONFIDENTIAL" shall be so marked and "CONFIDENTIAL" portions, including exhibits consisting of "CONFIDENTIAL" documents, shall be bound separately by the Court Reporter, kept under seal, and maintained separately by the Court Reporter and the parties from the non- confidential portions of the transcript, including exhibits, except as otherwise stipulated by the Parties or Ordered by the Court;

(f) In the event that any "CONFIDENTIAL" Discovery Materials are attached to, or quoted or summarized in, any pleadings, motion papers or other papers filed with this Court or any other court and said "CONFIDENTIAL" Discovery Materials would be disclosed in any way therein, such Discovery Materials, and portions of pleadings or papers that contain the "CONFIDENTIAL" discovery materials shall be filed under seal in accordance with this Court's Civil Local Rule 79-5. Copies of such documents containing information subject to this Protective Order that are served on counsel for the parties shall be

similarly identified and shall be maintained as "CONFIDENTIAL," as described herein; and

      (g)    Nothing in this Protective Order shall limit the producing party's use of its own information deemed CONFIDENTIAL under this Protective Order.

8. In the event that a party makes documents available for inspection, rather than delivering copies to another party, no marking need be made in advance of the initial inspection. For purposes of the initial inspection, all documents produced shall be considered as marked "CONFIDENTIAL." Thereafter, upon the inspecting party's selection of documents for copying, the party producing the documents may mark the copies "CONFIDENTIAL," pursuant to paragraph 7, above.

9. At the request of any designating party, made in writing or on the record or during the course of a deposition, the deposition testimony and all copies of any transcript of the deposition of any current or former agent, officer, director, employee or consultant of the designating party shall initially be considered, as a whole, to constitute "CONFIDENTIAL" information subject to the Protective Order, and the original and all copies of such deposition transcripts shall be marked accordingly as "CONFIDENTIAL" by the reporter. Upon the written demand of a receiving party made after receipt of transcript, the designating party shall have ten (10) days after receipt of the deposition transcript to designate in writing to the other parties and the court reporter, those portions of the testimony in the transcript that the designating party claims constitute "CONFIDENTIAL" Information. If no such designation is made within ten (10) days after receipt of the deposition transcript, the receiving party shall submit a second written demand by email to the designating party notifying the designating party that it has three (3) business days from the date of the

second written demand in which to designate in writing to the other parties and the court reporter, those portions of the testimony in the transcript that the designating party claims constitute "CONFIDENTIAL" Information. If, at the expiration of the three business day period, the designating party fails to provide written notice of its intent to designate the information as "CONFIDENTIAL," then the "CONFIDENTIAL" designation of the deposition transcript shall be deemed waived. Each party and the Court Reporter shall attach a copy of such written designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with the Protective Order.

10. Should one or more Counsel of Record wish to disclose any "CONFIDENTIAL" Discovery Materials produced by another party to a person not authorized by this Protective Order to review such "CONFIDENTIAL" Discovery Materials, said counsel shall first provide Counsel of Record for the producing party with a clear, complete and concise statement of the reason for the proposed disclosure by written notice at least ten (10) days prior to the proposed disclosure. The requesting Counsel of Record may include the name, address and business or professional affiliation and title (e.g., officer, director, etc.) of such person in the written notice. If Counsel of Record for the producing party objects in writing to the disclosure within said ten (10) day period, then the party requesting consent shall not proceed with the proposed disclosure, the parties shall engage in good faith efforts to resolve the matter informally and, if those efforts should fail, the party designating the material as "CONFIDENTIAL" may seek relief from the Court as provided in paragraph 12 below.

11. The disclosure of any Discovery Materials pursuant to the terms of this Protective Order is not intended to be and shall not be construed as a waiver

8

STIPULATION AND [PROPOSED] ORDER

ACTIVE 44464023v1

of any right or a relinquishment of any confidentiality claim as to said Discovery Materials or as a waiver of any claim that the information disclosed is a trade secret or is proprietary.

12. If any dispute arises concerning whether information designated as "CONFIDENTIAL" should in fact be considered as "CONFIDENTIAL" information for purposes of this Protective Order, the party who objects to the designation of the information as "CONFIDENTIAL" shall give written notice of the objection. The parties shall then attempt to resolve the dispute informally and in good faith. If the parties do not resolve the dispute informally, the party who designated the information as "CONFIDENTIAL" shall have ten (10) business days from either (a) the written notice from the objecting party made pursuant to this paragraph, or (b) the written objection to disclosure from the producing party made pursuant to paragraph 10 above, or (c) the date the parties agree that the dispute cannot be resolved informally, whichever is later, to file a motion in full compliance with Local Rule 37 asking the Court to resolve the issue. If the motion is not filed within this time, then the "CONFIDENTIAL" designation shall be deemed waived. If such a motion is timely filed, the party asserting confidentiality shall have the burden of proving that the "CONFIDENTIAL" information is protected by (a) a right to privacy or (b) trade secret or other confidential research, development, or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure. Prior to the determination of such motion, the disputed information shall be treated by the parties as "CONFIDENTIAL." If such motion is granted in favor of the objecting party and five days have passed after entry of an order granting the motion, then the prevailing party may disclose the information.

13. Upon final resolution of this litigation, including any appellate proceedings or expiration of the time allowed therefore, and within 60 days thereof.

(a) Unless otherwise agreed, counsel for each party shall return or destroy all Discovery Materials marked "CONFIDENTIAL" received hereunder, including all copies thereof, to counsel for the party that produced said materials. Counsel for each party shall also destroy all extracts or summaries of "CONFIDENTIAL" Discovery Materials or documents containing such material. Certification of such destruction, under penalty of perjury, is to be made in writing to counsel for the party who produced such "CONFIDENTIAL" Discovery Materials within ten (10) business days of destruction; and

(b) The Clerk of the Court shall, upon request of a party that produced any "CONFIDENTIAL" Discovery Materials, return to such party all documents and things containing or referring to such Discovery Materials that were filed under seal pursuant to this Protective Order. As to those documents or things containing such information which cannot be so returned, they shall continue to be kept under seal and shall not be examined by any person without a prior Court order, after due notice to Counsel of Record, or the written stipulation of each of Counsel of Record.

14. Nothing contained in this Protective Order shall result in a waiver of rights, nor shall any of its terms preclude a party from seeking and obtaining, upon an appropriate showing, additional protection with respect to personal, financial, commercial, confidential, trade secret or other proprietary documents, information or any other discovery material or trade secrets, including, but not limited to, restrictions on disclosure.

15. Pursuant to Fed. R. Civ. Proc. Rule 26, the parties hereby stipulate to the following treatment of any privileged or work product materials inadvertently disclosed in this action. The parties agree that inadvertent disclosure of information protected by any privilege in this litigation shall not constitute a waiver of any otherwise valid claim of privilege, and failure to assert a privilege in this litigation as to one document or communication shall not be deemed to constitute a waiver of the privilege as to any other document or communication allegedly so protected, even involving the same subject matter. The parties agree that any inadvertent inclusion of any privileged or work product material in a production in this action shall not result in the waiver of any associated privilege or protective doctrine nor result in a subject matter waiver of any kind. If any such material is inadvertently produced, the recipient of the document agrees that, upon request from the producing party, it will promptly return all copies of the document in its possession, delete any versions of the documents on any database it maintains, and make no use of the information contained in the document, provided, however, that the party returning such document shall thereafter have the right to apply to the Court for an Order that such document was not protected (prior to the inadvertent disclosure) from disclosure by any privilege or doctrine.

16. The Court may modify this Protective Order at any time or consider any dispute which may arise hereunder upon motion of any of the parties.

17. Nothing in this Protective Order affects in any way, the admissibility of any documents, testimony or other evidence at trial.

18. This Protective Order shall remain in effect for the duration of the action unless terminated by stipulation executed by the Counsel of Record or pursuant to Court Order. Insofar as they restrict the communication, treatment and use of information subject to this Protective Order, the provisions of this

///

12

STIPULATION AND [PROPOSED] ORDER

ACTIVE 44464023v1

Protective Order shall continue to be binding after the termination of this action, unless the Court orders otherwise.

IT IS SO STIPULATED.

Dated: July 9, 2019          MOORADIAN LAW, APC

By: _/s/Haik Hacopian_____
Zorik Mooradian,
Haik Hacopian,
Attorneys for Plaintiff, individually and on behalf of other persons similarly situated

Dated: July 9, 2019          GREENBERG TRAURIG, LLP

By: _/s/Mark D. Kemple_____
Mark D. Kemple
Radha D. S. Kulkarni
Attorneys for Defendant Marriott Vacations Worldwide Corporation

# EXHIBIT 1 - ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name] of _____ [print or type full address] declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date of issuance] in the case of *Avina v. Marriott Vacations Worldwide Corporation*, USDC Central District of California Case No. 8:18-cv-00685-JVS-JPR, and have been provided with a copy of that Protective Order. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

14

STIPULATION AND [PROPOSED] ORDER

**ORDER**

The parties having stipulated to the foregoing, and good cause appearing, IT IS SO ORDERED.

Dated: July 22, 2019

*/s/ Jean Rosenbluth*

Hon. Jean P. Rosenbluth
United States Magistrate Judge

15

STIPULATION AND [PROPOSED] ORDER

*ACTIVE 44464023v1*

[PROPOSED] ORDER

ACTIVE 42127208v1

ACTIVE 44464023v1