JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-685 JVS (JPRx) | Date | March 2, 2020 |
| Title | Rogelio Avina, et al v. Marriott Vacations Worldwide Corporation, et al | | |

| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |
|---|---|
| Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion for Final Approval of Class Action Settlement and for Attorneys' Fees, Costs, and Incentive Award**

**The Court, having been informed by the parties in this action that they submit on the Court's tentative ruling previously issued, hereby rules in accordance with the tentative ruling as follows:**

Before the Court are two motions.

First, Plaintiff Rogelio Avina ("Avina") filed a motion for final approval of a proposed class action settlement ("Settlement") with Defendants Marriott Vacations Worldwide Corporation and Marriott Resorts Hospitality Corporation ("Marriott"). Mot., Dkt. No. 63.

Second, Avina filed an unopposed motion for attorneys' fees, costs, and an incentive award. Mot., Dkt. No. 64.

For the following reasons, the Court **GRANTS** the motion.

## I. BACKGROUND

### A. Procedural Background

The background of this cases is well-known to the parties and detailed in the Court's order granting preliminary approval. See Order, Dkt. No. 60. The Court restates

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-685 JVS (JPRx) | Date | March 2, 2020 |
| Title | **Rogelio Avina, et al v. Marriott Vacations Worldwide Corporation, et al** | | |

the underlying facts and procedural background as necessary to support its order.

Avina originally filed this action against Marriott in the Superior Court of Orange County on September 22, 2017.  Dkt. No. 1.  On April 23, 2018, Marriott removed the case to federal court.  Id.

On October 25, 2019, the Court granted preliminary approval of the Settlement.  Order, Dkt. No. 60.

On November 8, 2019, Avina filed his Fifth Amended Complaint ("FAC"), which sought relief for: (1) failure to pay wages; (2) failure to provide meal periods; (3) failure to provide paid rest periods; (4) failure to timely pay wages at termination/separation; (5) failure to provide accurate wage statements; and (6) violation of Unfair Business Practices Act – Bus. & Prof. Code §§ 17200, et seq.  FAC, Dkt. No. 61.

**B.     Summary of the Settlement**

   **1.     The Settlement Class**

Pursuant to the Settlement Agreement, the settlement class consists of "all non-exempt employees currently or formerly employed by MRHC in California at any time between September 22, 2013 and the date of Preliminary Approval," which was October 25, 2019 (the "Class Period"). Settlement Agreement, Dkt. No. 56-4, Ex. 1 ¶¶ 1-3.

KCC Class Action Services, LLC ("KCC"), the Settlement Administrator, mailed the Notice of Class Action Settlement and the Opt Out Request form (collectively, the "Notice Packet"), in both English and Spanish,  to the 4,010 names and mailing addresses in the Class List.  Declaration of Jeff Moore, Dkt. No. 63-5 ("Moore Decl.").

   **2.     Settlement Amount and Injunctive Relief**

The proposed settlement amount is $1,200,000.  Settlement Agreement ¶ 10.  This amount will be used to fund this Settlement and make payments to Class Members, who will be paid on an all-in non-reversionary opt-out basis.  Mooradian Decl., Dkt. No. 56-3 ¶ 14.  In addition to the Settlement Amount, Marriott will pay the employer's share of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-685 JVS (JPRx) | Date | March 2, 2020 |
| Title | **Rogelio Avina, et al v. Marriott Vacations Worldwide Corporation, et al** | | |

payroll taxes on the wage component of the Settlement. Id. The net class recovery, after the payment of attorneys' fees, a cost award, a service award, and settlement administration costs, is calculated to be $815,000. Id. ¶ 15. The approximate estimated simple average settlement payment is expected to exceed $200.00. Id.

### 3. Attorneys' Fees and Costs

Class Counsel's attorneys' fees shall not exceed an amount equal to 30% of the Settlement Fund of $1,200,000, or $360,000. Settlement Agreement ¶ 13. This amount shall be paid from the Settlement Fund. Class Counsel seek a cost award of $9,764.51. Declaration of Zorik Mooradian ("Mooradian Decl."), Docket No. 63-2 ¶ 7.

### 4. Administrative Expenses and Service Awards

The Settlement Agreement indicates that the Settlement Administrative Costs shall not exceed $30,000. Settlement Agreement ¶¶ 17, 24, 40.

In addition, Class Counsel seek a Service Award of $3,500 for Avina. Mooradian Decl. ¶¶ 19-20.

### 5. Calculation of Settlement Payments

The Class Recovery shall be allocated among Settlement Members by dividing the number of workweeks that each Settlement Member worked within the Class Period by the total workweeks that all Settlement Members worked within the Class Period, and multiplying that fraction by the Class Recovery to determine that Settlement Member's total personal recovery (the "Individual Settlement Member Total Recovery"). Settlement Agreement ¶ 34. Twenty percent of each Individual Settlement Member Total Recovery shall for tax purposes be designated as wages and shall be reported using a Form W-2, and eighty percent of each Individual Settlement Member Total Recovery shall for tax purposes be designated as non-wages (interest, penalties) and shall be reported using a Form 1099. Id. The Individual Settlement Member Total Recovery and allocation as discussed immediately above shall be calculated by Marriott and reported to

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-685 JVS (JPRx) | Date | March 2, 2020 |
| Title | **Rogelio Avina, et al v. Marriott Vacations Worldwide Corporation, et al** | | |

the Settlement Administrator within ten calendar days of the Effective Date. Id. The estimated Individual Settlement Member Total Recovery for each Class Member shall be calculated by the Settlement Administrator and included in the Class Member's Notice. Id.

**6.     Release**

Each Settlement Member gives the following release:

I hereby fully, forever, irrevocably, and unconditionally release and discharge Marriott Resorts Hospitality Corporation and its affiliate Marriott Vacations Worldwide Corporation, as well as their predecessors, successors, parent, affiliated and subsidiary corporations, limited liability companies, limited partnerships, general partnerships and limited liability partnerships, present or past officers, directors, employees, partners, members, managers, representatives, principals, insurers, co-insurers, re-insurers, shareholders, agents, assigns, and attorneys (collectively referred to hereinafter as the "Released Parties"), from any and all claims related to my employment with Marriott Resorts Hospitality Corporation based upon conduct violating one or more of the statutes referenced in any pleading in the Action, including in the Fifth Amended Complaint, for relief of any kind, including wages, restitution, liquidated damages, statutory or civil penalties, injunctive relief, declaratory relief, or equitable relief, including but not limited to claims for alleged violations of Cal. Labor Code sections 200, 201, 202, 203, 226, 226.3, 226.7, 510, 572, and 1194, or of California's Unfair Competition Law (Cal. Business & Professions Code section 17200, et seq.), and including any claim under the federal Fair Labor Standards Act ("FLSA"), and any other claims for such relief that could have been alleged based on the facts and circumstances alleged in any pleading in the Action, including in the Fifth Amended Complaint (all of the foregoing being "Released Claims"). The Released Claims include such claims set forth above whether known or unknown, contingent or vested, anticipated or unanticipated, including such claims not known or suspected to exist that accrued on or before the date of Preliminary Approval of this Settlement.

Settlement Agreement ¶ 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-685 JVS (JPRx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | **Rogelio Avina, et al v. Marriott Vacations Worldwide Corporation, et al** | | |

Plaintiff Avina agrees to an additional General Release. Id. ¶ 44.

7. **Notice**

Within seven calendar days of entry of Preliminary Approval, Marriott provided the Class List to the Settlement Administrator, KCC. Settlement Agreement ¶ 25. Within fourteen days of receiving the Class List, the Settlement Administrator mailed a Notice Packet to all Class Members via regular First-Class U.S. Mail, using the most current, known mailing addresses identified in the Class List. Id. The notice plan continues as follows:

> For any returned envelopes from this mailing as nondeliverable on or before 30 days after mailing, the Settlement Administrator will use any forwarding address provided to re-mail the returned envelope and, if no forwarding address is provided, may check with the National Change of Address database and perform a skip trace to identify an address to which the envelope may be forwarded. The Settlement Administrator shall undertake such effort and further mailing within no later than 5 days after receipt of the returned envelope. The Settlement Administrator will maintain a report of the date of such re-mailings of the Notice Packet. No additional mailings shall occur. Any Class Member who does not actually receive notice after the steps outlined above have been taken (and does not properly and timely opt out as discussed below) will remain a Settlement Member, subject to the terms of this Settlement.

Id.

A copy of the proposed Notice and Opt-Out forms, both of which included Spanish translations, are found at Exhibits A and B to the Settlement Agreement, Dkt. No. 56-4.

8. **Unpaid Funds**

Settlement Members will have 180 calendar days within which to negotiate (cash or deposit) their settlement checks from the date on which they are mailed. Settlement Agreement ¶ 41. If any settlement check is not negotiated within that period of time, it will be voided. Id. In the event that any settlement check is returned to the Settlement Administrator within 180 calendar days of mailing or the settlement check is deemed

JS - 6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-685 JVS (JPRx) | Date | March 2, 2020 |
| Title | **Rogelio Avina, et al v. Marriott Vacations Worldwide Corporation, et al** | | |

void as a result of being uncashed for more than 180 days, the Settlement Administrator will disburse the uncashed funds, consistent with California Code of Civil Procedure section 384(b) to Court Appointed Special Advocates ("CASA") Los Angeles, which is 501(c)(3) non-profit organization. Id. The Parties represent that they have no financial interest in, or involvement with, CASA. Id.

### 9.     Opt-Out and Objection Process

To opt-out, a Class Member must complete the Election to Opt-Out form (see Dkt. No. 56-4, Ex. B), which will be enclosed with the notice packet, mail it to the Settlement Administrator with a postmark date of on or before the response deadline, which is 60 days after the date on which the Settlement Administrator initially mails Notice Packets to Class Members. Id. ¶¶ 8, 27. Class Members who submit a timely Election to Opt-Out form will not be eligible to receive any of the benefits of the settlement and retain whatever legal rights they may have against Marriott. Id.

A Settlement Member may object to the Settlement by filing a written objection with the Settlement Court using the case name and number of the Settlement Court (found on the first page of the Notice Packet) and mailing a copy of his/her written objection to Class Counsel, Counsel for [Marriott] and the Settlement Administrator at the addresses listed in the Notice Packet, each by no later than the Response Deadline. Id. ¶ 28. A Settlement Member may object to Class Counsel's request for Attorney's Fees and may request access to the Motion for Attorney's Fees by contacting Class Counsel and requesting a copy of the application. The objection should be signed, set forth the objecting Settlement Member's address and telephone number, and state why he/she objects to the proposed Settlement and whether he/she intends to appear at the Final Approval Hearing. Any Settlement Member who does not object in the manner described above shall be deemed to have waived any objections, and shall be foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the requested Class Counsel Attorney Fees, Class Counsel Costs and Class Representative Enhancement Payment, the Release, and any other provision of this Settlement. Any Class Member who has opted out of the Settlement may not object to the Settlement.

### 10.     Revocation of Agreement

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-685 JVS (JPRx) | Date | March 2, 2020 |
| Title | **Rogelio Avina, et al v. Marriott Vacations Worldwide Corporation, et al** | | |

Marriott has, in its sole discretion, the right to void and withdraw from the Settlement Agreement if, as of the Response Deadline, five percent (5%) or more of the Class Members submit timely and valid Election to Opt-Out Forms. Id. ¶ 46. Marriott must exercise this right of rescission, in writing, to Class Counsel within fourteen (14) calendar days of receipt of the report from the Claims Administrator referenced in the first sentence of paragraph 31 ("Certification Reports Regarding Individual Settlement Payment Calculations"). Id. If the option to rescind is exercised, then Marriott will be solely responsible for all Settlement Administration Costs incurred to that point. Id.

### C. Preliminary Approval

On October 25, 2019, the Court granted Avina's motion certifying the proposed Settlement Class, granted preliminary approval of the proposed settlement, directed dissemination of notice to the Class pursuant to the proposed Notice Plan, and appointing KCC as the Settlement Administrator for the dissemination of notice. Order, Dkt. No. 60.

### D. Notice

Since receiving preliminary approval, the Court-approved Notice Plan was successfully executed by KCC. See generally, Moore Decl. On November 20, 2019, KCC mailed the Notice to 4,010 class members. KCC received 460 Notice Packets returned by the USPS with undeliverable addresses. Id. ¶ 5. KCC performed address searches for 444 of these undeliverable Notice Packets and was able to find updated addresses for 205 Class Members. Id. KCC promptly re-mailed Notice Packets to the new addresses. Id.

### E. Objections

As of January 21, 2020, the deadline for submitting objections, no class members objected. Id. ¶ 9.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure Rule 23(e) requires court approval for class-action

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-685 JVS (JPRx) | Date | March 2, 2020 |
| Title | **Rogelio Avina, et al v. Marriott Vacations Worldwide Corporation, et al** | | |

settlements. Fed. R. Civ. P. 23(e). When the parties reach a settlement agreement before class certification, a court uses a two-step process to approve a class-action settlement. Staton v. Boeing Co., 327 F.3d 938, 952 (9th Cir. 2003). First, the court must certify the proposed settlement class. Id. Second, the court must determine whether the proposed settlement is fundamentally fair, adequate, and reasonable. Id.

### III. DISCUSSION

**A.      Class Certification**

The Court preliminarily certified the proposed Class in its prior order. Order, Dkt. No. 60. Nothing has changed in the interim that would warrant a deviation from the Court's prior ruling. Therefore, for the reasons specified in its preliminary approval order, the Court certifies the Settlement Class for final approval of the Settlement.

**B.      Approval of the Class Settlement**

**1.      The Fairness Factors Support Settlement Approval**

Rule 23(e) requires a district court to determine whether a proposed class action settlement is "fundamentally fair, adequate, and reasonable." Staton, 327 F.3d at 959. For this analysis, a court typically considers the following factors: (1) strength of the plaintiff's case; (2) risk, expense, complexity, and likely duration of further litigation; (3) risk of maintaining class action status throughout the trial; (4) amount offered in settlement; (5) extent of discovery completed and the stage of the proceedings; (6) experience and views of counsel; (7) presence of a governmental participant; and (8) reaction of the class members to the proposed settlement. In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 946 (9th Cir. 2011).

> **a.      Strength of the Plaintiff's Case and the Risk, Expense, Complexity, and Likely Duration of Further Litigation**

Class Counsel indicate their belief that the terms of the Settlement Agreement are fair and in the best interest of the Class in light of the facts and circumstances of the case, the risk of class decertification, and issues as to whether and to what extent Class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 18-685 JVS (JPRx)        Date March 2, 2020

Title     **Rogelio Avina, et al v. Marriott Vacations Worldwide Corporation, et al**

Members were entitled to unpaid meal and rest breaks. Mot. at 11-13.

The Court finds that this factor weighs in favor of final approval.

### b. Amount Offered in the Proposed Settlement

"It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair." In re Mego Fin. Corp. Sec. Litig., 213 F.3d 454, 459 (9th Cir. 2000) (quoting Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco, 688 F.2d 615, 628 (9th Cir. 1982)). As a result, district courts should not judge the proposed settlement "against a hypothetical or speculative measure of what might have been achieved by the negotiators." In re Toys R Us-Delaware, Inc.--Fair & Accurate Credit Transactions Act (FACTA) Litig., 295 F.R.D. 438, 453 (C.D. Cal. 2014) (quoting Officers for Justice, 688 F.2d at 625). Instead, courts should consider the settlement in conjunction with "factors such as the risk of losing at trial, the expense of litigating the case, and the expected delay in recovery (often measured in years)." Id.

Avina asserts that the value of recovery in the Settlement Agreement weighs in favor of approval because:

> at a provable violation rate of 10% (commensurate with advancing a lower risk certification theory with a high change of prevailing) across 1,412,330 daily shifts, exceeding 3.5 hours requiring a rest break, the exposure would come to $1,960,314. At a high-end estimate, assuming a generous 25% provable violation rate (to the extent Plaintiff prevails on a high risk certification theory), exposure would rise to $4,900,785. Plaintiff estimates that this range represents a realistic range of recovery for the entire case and the $1,200,000 Settlement Amount captures 24.4-61.2% of what Class Members would recover if certification was maintained and Plaintiff prevailed at trial. Accounting for the deductions from the gross settlement, at the $776,500.00 net settlement payable to the Class Members, the recovery would represent 15.8- 39.6% of the recovery on the merits.

Mooradian Decl. ¶ 14.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-685 JVS (JPRx) | Date | March 2, 2020 |
| Title | **Rogelio Avina, et al v. Marriott Vacations Worldwide Corporation, et al** | | |

Since Avina could risk losing on the merits and recovering less than this amount should litigation continue, the Court finds that this factor weighs in favor of final approval.

### c.   Extent of Discovery Completed and the Stage of the Proceedings

"A court is more likely to approve a settlement if most of the discovery is completed because it suggests that the parties arrived at a compromise based on a full understanding of the legal and factual issues surrounding the case.  The more the discovery [is] completed, the more likely it is that the parties have 'a clear view of the strengths and weaknesses of their cases.'"  In re Toys R Us, 295 F.R.D. at 454 (C.D. Cal. 2014) (internal quotations omitted) (quoting Young v. Polo Retail, LLC, 2007 WL 951821, at *4 (N.D. Cal. Mar. 28, 2007)).  Likewise, mediation suggests that the parties know their relative strengths and weaknesses.  See id. at 455.

This factor weighs in favor of final approval.  The matter has been subjected to repeated pleading challenges by Marriott.  Mot at 14-15.  The parties have produced hundreds of pages of documents and data including all relevant policies and procedures and detailed class metrics as they relate to the asserted claims.  Id. The parties also participated in a mediation session.  Id. The Court finds that the parties have engaged in an appropriate amount of discovery, suggesting that the settlement is fair, reasonable, and adequate.

### d.   Experience and Views of Counsel

Both parties in this action were represented by competent counsel.  Avina was represented by attorneys experienced in wage and hour law and employment class actions.  Mooradian Decl. ¶ 3; Declaration of Haik Hacopian ("Hacopian Decl."), Dkt. No. 63-3 ¶ 3.  Therefore, this factor also supports final approval.

### e.   Reaction of the Class Members to the Settlement

"It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."  Nat'l Rural Telecomms., 221

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-685 JVS (JPRx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | **Rogelio Avina, et al v. Marriott Vacations Worldwide Corporation, et al** | | |

F.R.D. at 529 (citations omitted); see also Barbosa v. Cargill Meat Sols. Corp., 297 F.R.D. 431, 448 (E.D. Cal. 2013) ("Where a settlement agreement enjoys overwhelming support from the class, this lends weight to a finding that the settlement agreement is fair, adequate, and reasonable.").

Following the Court's preliminary approval of the Settlement, no objections were filed. Moore Decl. ¶ 9. The Court finds that the reaction by Class Members to the Settlement has been positive. See Churchill, 361 F.3d at 577 (affirming district court's approval of settlement where 500 of 90,000 class members opted out (.56%) and 45 class members objected to the settlement (.05%)). Accordingly, the absence of any objections weighs in favor of final approval.

Overall, the weight of the factors supports the Court's conclusion that the Settlement is fair, reasonable, and adequate.

**C.     Notice**

Rule 23(c)(2)(B) requires that the Court "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Similarly, Rule 23(e)(1) requires that a proposed settlement may only be approved after notice is directed in a reasonable manner to all class members who would be bound by the agreement. Fed. R. Civ. P. 23(e)(1).

"Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." Rodriguez v. West Publ'g Corp., 563 F.3d 948, 962 (9th Cir. 2009) (internal quotation marks and citation omitted). "Settlement notices are supposed to present information about a proposed settlement neutrally, simply, and understandably[.]" Id. "That standard does not require detailed analysis of the statutes or causes of action forming the basis for the plaintiff class's claims, and it does not require an estimate of the potential value of those claims." Lane, 696 F.3d at 826.

In its preliminary approval order, the Court approved the plan for sending notice to potential Class Members. Order, Dkt. No. 60. As stated above, KCC caused notice to be

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-685 JVS (JPRx) | Date | March 2, 2020 |
| Title | **Rogelio Avina, et al v. Marriott Vacations Worldwide Corporation, et al** | | |

mailed to 4,010 class members. Moore Decl. ¶ 4. The mailed notice reached roughly 3,755 class members. Id. ¶ 5. Additionally, a toll-free telephone number dedicated to answering telephone inquiries from Class Members was established. Id. ¶ 6.

The Notice approved by the Court and implemented by KCC satisfies the applicable standard. Accordingly, the Court finds that the notice to the Settlement Class was fair, adequate, and reasonable.

**D.     Class Representative Incentive Award**

Courts have discretion to issue incentive awards to class representatives. Rodriguez v. West Publ'g Corp., 563 F.3d 948, 958–59 (9th Cir. 2009). The awards are "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." Id. An unreasonable incentive award may indicate that a settlement was reached through fraud of collusion. Staton, 327 F.3d at 975.

Courts evaluate incentive awards relative to named plaintiff's efforts, considering "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . the amount of time and effort the plaintiff expended in pursuing the litigation . . . and reasonabl[e] fear[s of] workplace retaliation." Id. at 977 (alterations in original) (quoting Cook v. Niedert, 142 F.3d 1004, 1016 (7th Cir. 1998)). Courts also compare the incentive awards to the total settlement by looking at "the number of named plaintiffs receiving incentive payments, the proportion of the payments relative to the settlement amount, and the size of each payment." In re Online DVD-Rental Antitrust Litig., 779 F.3d 934, 947 (9th Cir. 2015) (quoting Staton, 327 F.3d at 977).

The Settlement provides Avina with an incentive award of $3,500. Settlement Agreement ¶ 10.

Avina submitted evidence that he spent time and effort assisting in the prosecution of the action. See Vandervort v. Balboa Capital Corp., 8 F. Supp. 3d 1200, 1208 (C.D. Cal. 2014); see Declaration of Rogelio Avina ("Avina Decl."), Dkt. No. 63-4 ¶¶ 6-7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-685 JVS (JPRx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | **Rogelio Avina, et al v. Marriott Vacations Worldwide Corporation, et al** | | |

Avina estimates that he spent approximately 20-25 hours participating in this action. Avina Decl. ¶ 7. He has participated in calls with Class Counsel, looked for documents to assist his attorneys, and provided Class Counsel with information related to potential witnesses. Id. ¶ 6. Thus, the Court finds that the service award payment of $3,500 for Avina is fair, adequate, and reasonable.

**E.     Attorneys' Fees and Costs**

   **1.     Fees**

A court may award reasonable attorneys' fees and costs in certified class actions where they are authorized by law or by the parties' agreement. Fed. R. Civ. P. 23(h). Even when parties have agreed to a fee award, "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable." In re Bluetooth, 654 F.3d at 941.

In the Ninth Circuit, there are two methods of determining attorneys' fees: the percentage of the benefit method and the lodestar method. Under the percentage of the benefit method, the Court awards attorneys' fees equal to a percentage of the total value provided or available to the Class. In re Hyundai and Kia Fuel Economy Litig., -- F.3d --, 2019 WL 2376831, at *16 (June 6, 2019). In comparison, under the lodestar method, the Court will multiply the number of attorney hours incurred by a reasonable hourly rate. Id. The Court may then raise or lower the lodestar based on several factors. Id.; Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975); Fischel v. Equitable Life Assurance Soc'y, 307 F.3d 997, 1007 n. 7. Courts routinely cross-check their "percentage of the fund" calculation with the lodestar method to ensure that class counsel is not overcompensated. Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1050 (9th Cir. 2002).

Class Counsel seek an award of attorneys' fees in the amount of $360,000.

      **a.     Percentage of the Fund**

In the Ninth Circuit, the benchmark for fee awards in common fund cases is 25% of the common fund. In re Bluetooth, 654 F.3d at 942 ("Where a settlement produces a

Case 8:18-cv-00685-JVS-JPR   Document 65   Filed 03/02/20   Page 14 of 18   Page ID #:965

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-685 JVS (JPRx) | Date | March 2, 2020 |
| Title | **Rogelio Avina, et al v. Marriott Vacations Worldwide Corporation, et al** | | |

common fund for the benefit of the entire class, . . . courts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record for any 'special circumstances' justifying a departure."). The percentage may be adjusted according to several factors, including: (1) the results achieved; (2) the risk involved in undertaking the litigation; (3) the generation of benefits beyond the cash settlement fund; (4) the market rate for services; (5) the contingent nature of the fee; (6) the financial burden to counsel; (7) the skill required; (8) the quality of the work; and (9) the awards in similar cases. Vizcaino, 290 F.3d at 1048–49; Six Mexican Workers v. Ariz. Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990).

Here, Avina's counsel seek an award of 30% of the overall value of the Settlement, which is $1,200,000. This amount is above the Ninth Circuit's established benchmark. "[C]ourts in this circuit, as well as other circuits, have awarded attorneys' fees of 30% or more in complex class actions" In re Heritage Bond Litig., 2005 WL 1594403, at *19, 19 n.14 (C.D. Cal. June 10, 2005) (collecting cases). Avina's counsel contends that the award is appropriate in this case. For the following reasons, the Court agrees.

### i. *Results Achieved*

"The result achieved is a significant factor to be considered in making a fee award." Id. (citing Hensley v. Eckerhart, 461 U.S. 424, 436 (1983)); Vizcaino, 290 F.3d at 1048 ("Exceptional results are a relevant circumstance."); In re Omnivision Techs., Inc., 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) ("The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award.").

The Court found that the settlement is fair, adequate, and reasonable. The Court finds that, overall, the result weighs in favor of the requested award.

### ii. *Risks Involved*

Another significant factor to be considered in determining attorney fees is the risk that counsel took of "not recovering at all, particularly [in] a case involving complicated legal issues." In re Omnivision Techs., 559 F. Supp. 2d at 1046–47; Vizcaino, 290 F.3d at 1048; In re Heritage Bond, No. 02-ML-1475, 2005 WL 1594389, at *14 (C.D. Cal. June 10, 2005) ("The risks assumed by Class Counsel, particularly the risk of non-

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-685 JVS (JPRx) | Date | March 2, 2020 |
| Title | **Rogelio Avina, et al v. Marriott Vacations Worldwide Corporation, et al** | | |

payment or reimbursement of costs, is a factor in determining counsel's proper fee award."). As explained above, Avina undertook significant risks in pursuing this litigation. Therefore, this factor supports the requested award.

### iii.   *Skill of Counsel and Contingent Fees*

"The single clearest factor reflecting the quality of class counsels' services to the class are the results obtained." Id., at *12 (quoting Cullen v. Whitman Med. Corp., 197 F.R.D. 136, 149 (E.D. Pa. 2000)). Class Counsel has competently litigated this case, diligently investigating and developing the claims. The settlement was not reached lightly. Cf. Navarro v. Servisair, 2010 WL 1729538, at *3 (N.D. Cal. Apr. 27, 2010) (finding proposed award of 30 percent of settlement fund unjustifiably departed from benchmark due in part to speed with which parties reached a settlement). Class Counsel have significant experience in wage and hour law and class actions. Mooradian Decl. ¶ 3; Hacopian Decl. ¶ 3. Therefore, this factor supports the requested award.

Attorneys also are entitled to a larger fee award when their compensation is contingent in nature, as here. Mooradian Decl. ¶ 15; see Vizcaino, 290 F.3d at 1048–50; see also In re Omnivision Techs., 559 F. Supp. 2d at 1047. "It is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for contingency cases." In re Wash. Pub. Power Supply Sys. Sec. Litig., 19 F.3d 1291, 1299 (9th Cir. 1994). Therefore, this factor also supports the requested award.

### iv.   *Results in Similar Cases*

The requested fee is generally in line with awards made in similar sized common fund class actions litigated in California. See, e.g., Vasquez, 266 F.R.D. at 492 (detailing cases awarding one-third of common fund and awarding counsel one-third of common fund in case with total recovery of $300,000); see also Craft v. Cty. of San Bernardino, 624 F. Supp. 2d 1113, 1127 (C.D. Cal. 2008) (noting that cases of under $10 million often result in fees about 25%). Therefore, this factor supports the requested award.

### v.   *Reaction of the Class*

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 18-685 JVS (JPRx)                               Date  March 2, 2020

Title     **Rogelio Avina, et al v. Marriott Vacations Worldwide Corporation, et al**

The Court may also consider the reaction of the class to the proposed fee award. In re Omnivision Techs., 559 F. Supp. 2d at 1048; In re Heritage Bond, 2005 WL 1594389, at *15 ("The presence or absence of objections from the class is also a factor in determining the proper fee award."). There were no objections. Moore Decl. ¶ 9. Therefore, this factor supports the requested award.

In sum, the Court finds that the factors in this case support Class Counsel's requested attorneys' fees award. The Court will next perform a lodestar cross-check to ensure the reasonableness of the percentage award.

### b.     Lodestar Cross-Check

"Calculation of the lodestar, which measures the lawyers' investment of time in the litigation, provides a check on the reasonableness of the percentage award." Vizcaino, 290 F.3d at 1050; In re Omnivision Techs., 559 F. Supp. 2d at 1048. As noted above, the Ninth Circuit encourages courts to cross-check the reasonableness of a fee award determined using the percentage method with the lodestar method.

"The first step in the lodestar analysis requires the district court to determine a reasonable hourly rate for the fee applicant's services. This determination [involves] examining the prevailing market rates in the relevant community charged for similar services by lawyers of reasonably comparable skill, experience, and reputation." Cotton v. City of Eureka, 889 F. Supp. 2d 1154, 1166 (N.D. Cal. 2012) (internal quotation marks and citation omitted); see also Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979 (9th Cir. 2008). "The fee applicant has the burden of producing satisfactory evidence . . . that the requested rates are in line with those prevailing in the community." Jordan v. Multnomah Cnty., 815 F.2d 1258, 1263 (9th Cir. 1987). The fee applicant may provide affidavits from the attorneys who worked on the present case, as well as affidavits from other area attorneys or examples of rates awarded to counsel in previous cases. See Bellinghausen v. Tractor Supply Co., 306 F.R.D. 245, 262 (N.D. Cal. 2015); see also Parkinson v. Hyundai Motor Am., 796 F. Supp.2d 1160, 1172 (C.D. Cal. 2010) ("Courts may find hourly rates reasonable based on evidence of other courts approving similar rates or other attorneys engaged in similar litigation charging similar rates.").

The contingent nature of the case supports the fee award here. Attorneys are

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-685 JVS (JPRx) | Date | March 2, 2020 |
| Title | **Rogelio Avina, et al v. Marriott Vacations Worldwide Corporation, et al** | | |

entitled to a larger fee award when their compensation is contingent in nature. See Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1048-50 (9th Cir. 2002); see also In re Omnivision Techs., Inc., 559 F. Supp. 2d 1036, 1047 (N.D. Cal. 2008). "It is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for . . . contingency cases." In re Wash. Pub. Power Supply Sys. Sec. Litig., 19 F.3d 1291, 1299 (9th Cir. 1994). This ensures competent representation for plaintiffs who may not otherwise be able to afford it. Id. Here, Class Counsel faced significant risk from contingent fee litigation because they expended significant time and money without guaranteed payment.

Here, Class Counsel contend that their hourly rates are $650 for Zorik Mooradian and $415 for Haik Hacopian. Mooradian Decl. ¶ 17; Hacopian Decl. ¶ 7. Class Counsel's present lodestar calculates to $196,960. Id. A 30% fee award therefore reflects a multiplier of 1.83.

Next, the Court examines whether the number of hours class counsel expended on the litigation was reasonable. To calculate the Lodestar, Class Counsel reviewed and included their timekeeping records. See Mooradian Decl. ¶ 17, Ex. 1; Hacopian Decl. ¶ 7, Ex. 1. The Court finds that the number of hours expended was reasonable.

Accordingly, on balance, the Court finds that awarding 30% of the Settlement Amount in attorneys' fees is justified. The Court awards Class Counsel $360,000 in attorneys' fees.

### 2. Costs

"Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters." In re Omnivision Techs., 559 F. Supp. 2d at 1048.

Class Counsel incurred $9,764.51 in case-related costs. Mooradian Decl. ¶ 18, Ex. 1; Hacopian Decl. ¶ 7, Ex. 1. Class Counsel provide adequate documentation of these expenses. Id. Therefore, the Court awards $9,764.51 for reimbursement of reasonable expenses. The Court also finds it reasonable to grant the $30,000 requested for KCC, the

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 18-685 JVS (JPRx)     Date   March 2, 2020

Title   **Rogelio Avina, et al v. Marriott Vacations Worldwide Corporation, et al**

Settlement Administrator. Moore Decl. ¶ 11.

## IV. CONCLUSION

For the foregoing reasons, the Court **grants** the motion for final approval of the class settlement and the Class Representative incentive award. The Court **grants** the motion for attorneys' fees for $360,000, **grants** the award for $9,764.51 in case-related costs, and **grants** the $30,000 requested for KCC, the Settlement Administrator.

**IT IS SO ORDERED.**

                                                                                             :      0

Initials of Preparer     lmb